UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCJA STACHURSKA,

                    Plaintiff,

                  -against-

SSA 48TH STR.; SSA 12TH STR.,

                    Defendants.

25-CV-2214 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has filed a motion requesting an "emergency hearing" (ECF 8) and an application for the Court to request the appointment of *pro bono* counsel (ECF 6). The Court denies both motions without prejudice to renewal at a later date.

## DISCUSSION

**A.**    **Emergency Hearing**

To obtain preliminary relief, such as an "emergency hearing," Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. His complaint suggests that he may be asking for information regarding his social security benefits, but it does not provide enough information to suggest that he is entitled to any relief in federal court. Accordingly, Plaintiff's request for an emergency hearing is denied. The Court will issue an explanatory order at a later date.

B.    *Pro Bono* Counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Although Plaintiff's claims do not appear to state a claim, because it is too early in the proceedings for the Court to conclude as such, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**CONCLUSION**

Plaintiff's motion for an emergency hearing (ECF No. 8) and application for the appointment of *pro bono* counsel (ECF 6) are denied without prejudice. The Clerk of Court is directed to terminate these two motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 12, 2025
New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge