UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCJA STACHURSKA,<br><br>                              Plaintiff,<br><br>          -against-<br><br>SSA 48TH STR.; SSA 12TH STR.,<br><br>                              Defendant. | 25-CV-2214 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who appears *pro se*, brings this action regarding her social security benefits. By order dated April 24, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**BACKGROUND**

Plaintiff brings this action against two Social Security Administration ("SSA") offices in Manhattan. She indicates that she receives social security disability ("SSI") benefits, but an unspecified incident resulted in either not receiving her SSI benefits or her benefits being reduced. Plaintiff attaches to the complaint correspondence from SSA verifying Plaintiff's SSI benefits.

Plaintiff also indicates that she lived in a shelter but the "shelter company refuse me any place to live." (ECF 1, at 9.)

Plaintiff attaches to her complaint a police report from the New York City Police Department, indicating that she filed a complaint with the police regarding an incident that occurred on January 12, 2025.

**DISCUSSION**

A.  **Plaintiff's complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint does not comply with Rule 8 because she does not allege facts showing she is entitled to relief from the named defendants. Because Plaintiff names SSA offices, refers to her SSI benefits, and attaches correspondence from the SSA, the Court construes the complaint as seeking review of a decision by the SSA and grants Plaintiff leave to amend as set forth below.

To the extent Plaintiff brings this action to assert a claim regarding her housing or her complaint to the police, Plaintiff may bring a new civil action asserting those claims by naming defendants who she believes violated her rights and pleading facts describing those individuals' conduct. The Court notes that in any new civil action Plaintiff files, she must comply with Rule 20(a)(2) of the Federal Rules of Civil Procedure, which allows for

> [p]ersons . . . [to] be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

**B.      Exhaustion of SSA remedies**

The Social Security Act permits claimants to seek review in federal court of a "final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was party." 42 U.S.C. § 405(g). If a complaint does not contain allegations showing that there has been a final decision, then it does not satisfy the requirements for jurisdiction under Section 405(g). *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("The statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'").

The "final decision" requirement has two elements. The first is the requirement that a claim for benefits be presented to the Commissioner of Social Security ("Commissioner"). The

3

second is the requirement that the administrative remedies of the Social Security Administration ("SSA") be exhausted. *Abbey v. Sullivan*, 978 F.2d 37, 43 (2d Cir. 1992) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an administrative law judge ("ALJ"); and (4) request that the Appeals Council review the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5). When the Appeals Council issues a final decision, the plaintiff's administrative remedies have been exhausted and the plaintiff may seek review of that decision in a federal district court.[1]

A plaintiff's failure to exhaust may be excused, either by the Commissioner or, under limited circumstances, by the courts. *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984). But "exhaustion is the rule, waiver the exception." *Abbey*, 978 F.2d at 44. Courts look to the following factors to excuse failure to exhaust: "(1) that the claim is collateral to a demand for benefits; (2) that exhaustion would be futile; and (3) that plaintiff[ ] would suffer irreparable harm if required to exhaust administrative remedies." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (citing *Abbey*, 978 F.2d at 44).

**C.    Leave to amend**

The Court grants Plaintiff 60 days' leave to file an amended complaint. Using the complaint form for actions brought under 42 U.S.C. § 405(g), Plaintiff must:

a)  provide the date of the ALJ's decision;

---

[1] "[I]f . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims v. Apfel*, 530 U.S. 103, 107 (2000). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Id.*

b) provide the date of the Appeals Council letter;

c) provide the date she received the Appeals Council letter; and

d) attach a copy of the Appeals Council letter to her amended complaint.

If Plaintiff has not exhausted her administrative remedies, she must include facts showing that her failure to exhaust her administrative remedies should be excused. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## REFERRAL TO PRO SE CLINIC

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with her case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-2214 (LTS). An Amended Social Security Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the Court will dismiss the action for failure to exhaust her administrative remedies, without prejudice to file a new action after Plaintiff has exhausted her remedies.

A flyer from the City Bar Justice Center is attached to this order.

Plaintiff may receive court documents by email by completing the form, [Consent to Electronic Service](#).[2]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 12, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write your full name.

\_\_\_\_\_CV_____

Include case number only if one has been assigned.

-against-

COMMISSIONER OF SOCIAL SECURITY

# COMPLAINT FOR JUDICIAL REVIEW OF A FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

The plaintiff respectfully alleges:

1. This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), or section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), for review of a final decision of the Commissioner of Social Security.

2. This case is properly brought in the Southern District of New York because the plaintiff is a resident of the county of _____
   and the State of _____
   
   **or** (optional)
   
   has a principal place of business in the county of _____
   and the State of _____

3. The plaintiff's social security number is _____

4. The defendant is the Commissioner of the Social Security Administration and has full power and responsibility over Social Security and Supplemental Security Income benefit determinations under the Social Security Act.

5. The Social Security Administration issued an unfavorable decision regarding the plaintiff's application for, or eligibility to receive, benefits under Title XVI of the Social

Security Act (SSI - Supplemental Security Income) or Title II of the Social Security Act (Disability Insurance, Retirement, or Survivors benefits).

6. The plaintiff requested a hearing before an Administrative Law Judge, a hearing was held, and the Administrative Law Judge issued a decision denying the plaintiff's claim, by decision dated (date of Administrative Law Judge decision) _____

7. The plaintiff requested a review, and the Appeals Council denied the plaintiff's request, or otherwise issued an unfavorable decision, on (date of Appeals Council letter) _____, making the Administrative Law Judge's decision the "final decision" of the Commissioner, subject to judicial review under 42 U.S.C. § 405(g) or § 1383(c)(3).

8. The plaintiff received the letter from the Appeals Council on (date of receipt of letter) _____

---

**IMPORTANT**

**Please attach a copy of the Appeals Council's letter to this complaint.**

You may file this complaint even if you do not have the Appeals Council letter or cannot answer all of the questions, but you may be required later to provide the missing information.

---

9. The Commissioner's decision was not supported by substantial evidence in the record, or was based on legal error.

WHEREFORE, the plaintiff respectfully requests that the Court:

a) direct the defendant to appear before the Court;

b) order the defendant to submit a certified copy of the administrative record, including the evidence upon which the findings and decisions complained of are based;

c) upon such record, modify or reverse the decision of the defendant and grant the plaintiff maximum monthly Social Security benefits or Supplemental Security Income benefits as allowable under the Social Security Act; and

d) grant such other relief as may be just and proper.

## PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

You must sign and date the complaint. Attach additional pages if necessary. You must also either pay the filing fee or submit an application to proceed without prepayment of fees.

| Dated | Plaintiff's Signature |
|---|---|
| First Name         Middle Initial | Last Name |
| Plaintiff's Address | |
| County, City | State | Zip Code |
| Telephone Number | Email Address (if available) |

Please see the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically. If you consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**Click Here to Save**



**To all individuals who have <u>Social Security</u> or <u>Supplemental Security Income</u> cases:**

The New York County Lawyers Association has provided free legal assistance to thousands of people who cannot afford lawyers. If you cannot afford a lawyer, you may qualify for free legal representation in your appeal in the Southern District of New York.

If you would like to consult with a lawyer, please call Carolyn A. Kubitschek, at (212) 349-0900. We cannot promise that everyone who calls will get a lawyer, but we are committed to providing as many individuals as possible with free legal representation in their federal appeals.

Sincerely,

*Anthe Maria Bova*

Anthe Maria Bova

General Counsel & Director of Pro Bono Programs

**United States District Court**
**Southern District of New York**

# INSTRUCTIONS FOR SEEKING JUDICIAL REVIEW OF A FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

1. **Caption:** The caption is in the top left corner on the first page of the complaint. You, as the person filing the complaint, are the plaintiff. You must add your name, or if you are filing on behalf of a minor child, your name on behalf of the minor child's name.

2. **Contents**: The form must be completed and contain an original signature. The complaint does not have to be notarized. If you file the complaint by email, you may sign the complaint by typing "/s/ [Your Name]."

3. **Serving the Complaint**: <u>You do not need to serve the complaint</u>. The Court will notify the Social Security Administration ("SSA") that your complaint has been filed.

4. **The Commissioner's Answer**. The Commissioner has 60 days from the date it is notified of your complaint to file and serve its answer. Its answer will be a copy of the administrative record from the SSA proceedings.

5. **Plaintiff's Brief.** After the answer has been filed, you have 30 days to file a brief with the court and serve a copy on the Commissioner. Your brief must include the reasons why you disagree with the Commissioner's decision and you must refer to the pages in the administrative record that support your argument. The brief must be no longer than 25 pages.

6. **The Commissioner's Brief.** Within 30 days of receiving your brief, the Commissioner must file a brief in opposition to your request. If you do not file a brief, the Commissioner must file this within 30 days after your brief was due.

7. **Plaintiff's Reply.** If you want to file a reply to the Commissioner's brief, you must do so within 14 days of receiving it, whether you filed an initial brief or not. Your reply must be no longer than 10 pages. If you want to file a longer reply then you must ask permission from your judge 7 days before the deadline.

**PRO SE INTAKE WINDOW LOCATIONS:**
40 FOLEY SQUARE | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

**MAILING ADDRESS:**
500 PEARL STREET | NEW YORK, NY 10007
PRO SE INTAKE UNIT: 212-805-0175

SDNY Rev. 12/1/23

If you did not file an initial brief, you may file a brief in opposition to the Commissioner's (of up to 25 pages) within 14 days of receiving the Commissioner's brief. No further briefing will be permitted.

8. **Extensions of Time.** If you or the Commissioner need an extension of time to meet the deadlines described in #4-#7, you and the assigned SSA attorney must contact each other and discuss a schedule. The assigned SSA attorney will be identified on the docket sheet; alternatively, you may call the Commissioner's office at **212-264-3650** and ask which attorney is assigned to your case. If you and the assigned attorney agree on the schedule, the attorney will file the new proposed schedule with the court. You must file documents by the deadlines set in the supplemental rules unless the Court grants an extension before the due date.

9. **Language**: All papers must be submitted in English. All court proceedings will be held in English. If you have difficulty understanding or writing in English, you should ask a relative or friend to help you prepare your papers, and you should bring someone to act as your interpreter whenever you come to court.

## The instructions for completing an application to proceed without prepayment of the filing fees are as follows:

1. **Fees**: Please check the SDNY fee schedule for the most updated information. Payment can be provided to the "Clerk of Court, USDC, SDNY," by certified check, bank check, money order, major credit card, or cash (credit cards or cash may only be used if your complaint is submitted in person). Personal checks are *not* accepted.

2. **Inability to pay the filing fees**: If you can't afford the filing fees, you may ask for permission to proceed without prepaying the fees by completing an Application to Proceed Without Prepaying Fees or Costs ("IFP Application") and including it with your complaint. The caption of this IFP Application should identical to the caption on the complaint.

**If you have any questions, please contact the Pro Se Intake Unit, 212-805-0175, during business hours, 8:30 a.m.–5:00 p.m., Monday–Friday (except federal holidays). The Pro Se Intake Unit cannot accept collect calls.**

**These instructions should not be submitted with your complaint.**

PRO SE INTAKE WINDOW LOCATIONS:
40 FOLEY SQUARE | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

MAILING ADDRESS:
500 PEARL STREET | NEW YORK, NY 10007
PRO SE INTAKE UNIT: 212-805-0175

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.
- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including **mediation**)

 **Reviewing drafted pleadings** and correspondence with the Court